MARY E. ORROK, RELATOR, v. BOARD OF CHOSEN FREE-
HOLDERS OF THE COUNTY OF HUDSON AND MAYOR
AND COMMON COUNCIL OF THE TOWN OF KEARNY,
RESPONDENTS.

Submitted October 13, 1939—Decided December 22, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the relator, *Levitan & Levitan* (*Abraham Levitan,* of
counsel).

For the respondent county of Hudson, *J. Emil Walscheid.*

For the respondent mayor and common council of the town
of Kearny, *John H. Cooper.*

PER CURIAM.

The relator seeks a peremptory *mandamus.* The matter is
before us on rule to show cause why such writ should not
issue. It is asserted on behalf of the relator that two parcels
of her property lying on the easterly side of Passaic avenue,
north of Stewart avenue, in the town of Kearny, New Jersey
(described as triangle ABC, containing 1,025.37 square feet,
and triangle XYZ, containing 373.03 square feet) were taken
for road purposes either by the town of Kearny or the county
of Hudson, or both, and utilized for road purposes without
compensation to the owner. We are asked to order in our

writ that adequate compensation be paid the owner for the said land or that either or both respondents be directed to initiate condemnation proceedings to the end that the owner be paid the value of the land.

The depositions before us do not demonstrate or prove to our satisfaction that the two triangular parcels were part of the relator's land; or, passing that, that either or both of the defendants appropriated the lands or laid a pavement down upon them. The proofs are far from satisfactory on either point. Logan, the civil engineer, said that the road in question was originally sixteen feet wide (it now has a width of thirty feet) and that he knew this from the relator's deed and also from what his "father had told him about it." The other witnesses, Messrs. Brokaw, Durkin, Chapman. Kreiner and Newell, testified to a set of facts which makes it clear that the town of Kearny neither took the land nor paved it. William R. Orrok, the son of the relator, testified that the work of paving was done at the order of the engineer for the respondent county of Hudson; but the clerk of the county testified that no such work was undertaken by Hudson county. Mr. Radigan, the county engineer, testified that no work of widening and paving the road in question was done by the county of Hudson. He suggested that it might have been done by certain federal agencies over which he had no direct control.

A peremptory writ should not issue unless the right of the relator is indisputably clear and the act to be done is ministerial in essence. On the proof before us, we find nothing whatever to justify the conclusion that the town of Kearny appropriated the land for the widening of Passaic avenue or caused the land, alleged to have been taken, to be paved. As to Hudson county, there is no proof other than the disputed statement of Mr. Orrok that the county of Hudson had done the work; and no proof whatever that the county had appropriated the land. Parenthetically, we observe that we do not think that *mandamus* should be invoked where, as here, there is an adequate remedy at law for trespass or by action in ejectment.

If the relator desires to appeal from our judgment, the pleadings may be moulded to show the allowance of an alternative writ and judgment thereon for the respondents, but in the case before us the rule to show cause will be dismissed, with costs.